Filed 2/4/22  P. v. Barba CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059895 |
| v. | (Super. Ct. No. 05WF1694) |
| ALBERTO APAEZ BARBA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Reversed and remanded with directions.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Fifteen years ago, appellant Alberto Apaez Barba was sentenced to 25 years in prison for attempted murder and other crimes he committed with a fellow gang member. When he recently sought resentencing under Penal Code section 1170.95, the trial court summarily denied his petition on the basis that section does not apply to the crime of attempted murder.[1] That was true at the time the trial court made its ruling in 2021. However, as of January 1, 2022, section 1170.95 now applies to defendants who were convicted of attempted murder under the natural and probable consequences doctrine. As respondent concedes, this changes requires that we reverse the trial court's denial order and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In 2005, appellant and Jose Delrio confronted rival gang member Francisco Hernandez at an Orange County bus stop. During the confrontation, Delrio pulled a gun and fired it at Hernandez, but the shot went high, and Hernandez fled to safety.

At trial, the prosecution posited appellant directly aided and abetted Delrio in attempting to murder Hernandez, and/or attempted murder was a natural and probable consequence of the lesser crime of disturbing the peace that appellant helped Delrio carry out. Without specifying which of those theories it adopted, the jury convicted appellant of attempted murder. It also convicted him of discharging a firearm in a school zone and street terrorism and found he acted for the benefit of a criminal street gang and vicariously discharged a firearm. The trial court sentenced him to 25 years in prison for his crimes.

We affirmed the judgment on appeal. (See *People v. Delrio* (Mar. 27, 2009, G038771) [nonpub. opn.].)[2] In 2020, appellant sought to vacate his attempted murder conviction and to be resentenced under section 1170.95. However, the trial court

_____

[1] All further statutory references are to the Penal Code.

[2] At the parties' request, we judicially notice our opinion and the appellate record in that case.

summarily denied his petition on the basis that section does not apply to the crime of attempted murder. This appeal followed.

DISCUSSION

Appellant contends the trial court's denial order must be reversed because while his appeal was pending, the Legislature amended section 1170.95 to apply to the crime of attempted murder. Respondent agrees, and so do we.

Appellant's underlying claim for resentencing is grounded in Senate Bill No. 1437, which narrowed the scope of vicarious liability for the crime of murder by limiting the felony murder rule and abolishing the natural and probable consequences doctrine in murder cases. (§§ 188, subd. (a)(3), 189, subd. (e).) That bill "also added section 1170.95 to the Penal Code, which creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief" in the form of resentencing. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, fn. omitted.)

As originally enacted, section 1170.95 applied only to defendants who were convicted of murder. (Former § 1170.95, subd. (a).) However, effective January 1, 2022, the statute was expanded to include defendants who were convicted of "attempted murder under the natural and probable consequences doctrine[.]" (§ 1170.95, subd. (a), as amended by Sen. Bill No. 775, Stats. 2021, ch. 551.) Respondent concedes this change applies to appellant's case, since the order denying his petition for resentencing is not yet final. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745 [an ameliorative criminal statute is generally presumed to apply to all cases that are not final when the statute becomes effective].)

Respondent also admits that for purposes of determining whether appellant has established a prima facie case for resentencing, there is nothing in the record of conviction that negates his claim he was convicted of attempted murder under the natural and probable consequences doctrine. (*People v. Lewis, supra,* 11 Cal.5th at pp. 971-972 [unless the record of conviction refutes petitioner's allegations, the trial court may not

3

deny his resentencing petition at the prima facie stage].) Therefore, the trial court is required to issue an order to show cause and, absent a concession by the People, conduct an evidentiary hearing. (§ 1170.95, subds. (c), (d).) At the hearing, the prosecution must prove beyond a reasonable doubt appellant is ineligible for resentencing. (*Id.*, subd. (d)(3).) Otherwise, the court must vacate his conviction for attempted murder and resentence him per the terms of section 1170.95.

DISPOSITION

The order denying appellant's petition for resentencing is reversed. On remand, the trial court is directed to issue an order to show cause and, absent a concession by the People, conduct an evidentiary hearing to determine appellant's eligibility for relief.


BEDSWORTH, ACTING P. J.

WE CONCUR:


FYBEL, J.


ZELON, J.*


*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.